[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

No. 09-15159
Non-Argument Calendar

_____

D. C. Docket No. 09-00936-CV-T-30MAP

CHARLES W. BARRETT, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 9, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Charles W. Barrett, Jr., *pro se*, appeals the district court's dismissal, with

prejudice, of his amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, Barrett argues that his wages from a non-federally-connected private sector job are not subject to federal taxation. The government has filed a motion for sanctions, pursuant to Federal Rule of Appellate Procedure 38.

According to his amended complaint, Barrett worked as a project program manager for BAE Systems, a private sector company. BAE Systems reported Barrett's pay as "wages" to the IRS on a W-2 form each year from 2003 to 2007. Barrett filed a Form 4852 each year disputing BAE Systems' third party reporting to the IRS through the W-2 forms. Barrett alleges that the plain language of the Internal Revenue Code ("I.R.C."), particularly I.R.C. §§ 3401(a), (c) and 3121(a), (b), demonstrates that the definition of "wages" does not apply to private sector jobs that are unconnected to the federal government. Therefore, he asks for a refund of the taxes levied on his earnings from BAE Systems, pursuant to I.R.C. § 6402(a).[1]

We review a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim *de novo*, "accepting the factual allegations in

---

[1] Section 6402(a) states that "[i]n the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person."

2

the complaint as true and construing them in the light most favorable to the plaintiff." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted). It is appropriate to grant a motion to dismiss "where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Id.* (citation omitted). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* (citation and internal quotation marks omitted).

Barrett complains of a tax that is imposed on the "taxable income" of every individual. I.R.C. § 1(a)–(d). "Taxable income" is defined as "gross income minus the deductions allowed by this chapter." *Id.* § 63(a). "[G]ross income means all income from whatever source derived, including . . . [c]ompensation for services . . . ." *Id.* § 61(a)(1). Barrett concedes in his amended complaint that BAE Systems paid him in exchange for his work as a project program manager.

Instead of relying on these sections, however, Barrett's argument is grounded in I.R.C. § 6051, which requires an employer "engaged in a trade or business" to furnish to its employees a written statement that includes "the total amount of wages as defined in [I.R.C. §§] 3401(a) . . . [and] 3121(a)." *Id.* § 6051(a), (a)(3)–(4). "Wages" are defined in I.R.C. § 3401(a) as "all remuneration .

3

. . for services performed by an employee for his employer." An "'employee' includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia." *Id.* § 3401(c); *see also id.* § 3121(b) (stating that "employment" includes any service performed "within the United States"). Barrett argues that these sections demonstrate that Congress intended that "includes" be read narrowly to cover only federal employees. However, I.R.C. § 6051 does not impose a tax on Barrett, and instead spells out the reporting requirements of employers. Therefore, Barrett has not asserted any legal cause of action that would entitle him to relief. Further, Barrett's argument concerning these sections is without merit. *See, e.g.*, *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986) (per curiam) ("To the extent [Appellant] argues that he received no 'wages' . . . because he was not an 'employee' within the meaning of [I.R.C.] § 3401(c), that contention is meritless. . . . The statute does not purport to limit withholding to the persons listed therein.").

We have held that the argument that an individual's income is not subject to federal taxation because his income "was derived from employment in the private sector" is "utterly without merit" and "frivolous." *United States v. Morse*, 532 F.3d 1130, 1132–33 (11th Cir. 2008) (per curiam). Therefore, in this case, the district court did not err by dismissing Barrett's amended complaint for failure to

4

state a claim. Even after accepting Barrett's factual allegations as true, he has not asserted a legal cause of action. As such, we affirm.

We have held that individuals who sue for a refund of income taxes and assert "that their wages are not income subject to tax," or "that only public servants are subject to tax liability," are subject to sanctions for advancing frivolous claims. *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (per curiam). Pursuant to Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." There is no doubt that Barrett's claim is frivolous; however, in an exercise of discretion, we deny the government's motion for sanctions due to Barrett's *pro se* status. *See Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir.1993); *Pollinger v. I.R.S. Oversight Bd.*, 11th Cir. 2010, __ F.3d __, at *9 (No. 09-12295, Jan. 15, 2010) (per curiam). However, Barrett is strongly cautioned against bringing further frivolous claims.

**AFFIRMED.**